UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Allan R. Schumaker,

Plaintiff,

vs. MINUTE ORDER

Duluth Missabe & Iron
Range Railway Co.,

Defendant. Civ. No. 01-921 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 14th day of May, 2002.

* * *

On May 14, 2002, the Court heard argument on the Defendant's informal Motion to Compel, and to Extend the Pretrial Deadlines. At the time of the Hearing, the Plaintiff Allan R. Schumaker ("Schumaker") appeared by Robert J. Drummond, Esq., and the Defendant Duluth Missabe & Iron Range Railway Company ("DM&IR") appeared by Jeffrey R. Schmidt, Esq. For reasons expressed at the time of the Hearing, and briefly reiterated below, we grant the Defendant's Motion.

Both parties are in agreement that Schumaker has not timely responded to a variety of the Defendant's discovery requests. According to our Pretrial Scheduling Order, which was issued on October 1, 2001, the discovery deadline is set to expire on May 15,

(9)

FILED MAY 14 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2002. Although the DM&IR served its discovery requests on December 28, 2001, and transmitted letters to Schumaker on March 5, March 25, and April 11, 2002, which requested attention to the outstanding discovery requests, Schumaker failed to appropriately respond. He also failed to furnish executed medical authorizations to the DM&IR, although he has provided the DM&IR with the medical records that he has in his possession.

Our Scheduling Order also directed that Schumaker was to serve his expert disclosures by February 28, 2002, and his expert reports by March 15, 2002, while the DM&IR was to serve its expert disclosures by April 1, 2002, and its expert reports by April 15, 2002. The case is currently scheduled to be "Ready for Trial" by August 15, 2002. While Schumaker provided certain of his expert disclosures to the DM&IR on February 28, 2002, he was unable to provide all of his expert reports on March 15, 2002, as one of his experts requires a site inspection before formulate his report, and such an inspection has conflicted with either Schumaker's, or the expert's, schedule. In turn, the lack of Schumaker's expert reports has delayed the DM&IR in securing responsive expert reports, and in completing expert discovery. In addition, Schumaker's delay in responding to discovery has also resulted in delay in the DM&IR's completion of an independent vocational examination. As a result, the DM&IR requests that Schumaker be compel-

led to produce the outstanding discovery within ten days after the date of the Hearing, and that the pretrial deadlines be extended.

We understand that Plaintiff's counsel has confronted personal difficulties that have distracted his professional attention to the action, but such difficulties does not either explain, or justify, his failure to seek Court relief in advance of the expiration of pertinent pretrial deadlines. On the other side of the equation, the DM&IR could well have sought Court intervention, at an earlier date, so as to maintain the current deadlines. Having recognized these truths, we conclude, nonetheless, that this case is not any where near to being "Ready for Trial," and to deny relief from the current pretrial deadlines will only burden the District Court with a Trial that is not ready to proceed.

Schumaker has agreed to promptly correct the deficiencies in his discovery responses, including providing the DM&IR with the outstanding discovery responses, and executed medical authorizations. He has also committed to completing a prompt site inspection by his expert, so as to allow the DM&IR to decide whether to secure a rebuttal expert. As it is clear that the parties need additional time to complete their expert disclosures and discovery, we modify our Scheduling Order of October 1, 2001, as follows: Schumaker's expert disclosures and reports are due **by no later than June 1, 2002**; the DM&IR's expert disclosures and reports are due **by**

**no later than July 1, 2002**; discovery will conclude on **August 1, 2002**; all non-dispositive Motions shall be filed and the Hearing thereon completed by **September 1, 2002**; all dispositive Motions shall be filed and a Hearing thereon completed by **October 1, 2002**; and the case shall be Ready for Trial on **October 1, 2002**. Any further potential delays or problems should be brought to this Court's attention immediately.

NOW, THEREFORE, It is --

ORDERED:

1. That the Defendant's informal Motion to Compel, and to Extend the Pretrial Deadlines, is GRANTED.

2. That the Pretrial deadlines are modified as follows: the Plaintiff's expert disclosures and reports are due **by no later than June 1, 2002**; the Defendant's expert disclosures and reports are due **by no later than July 1, 2002**; discovery will conclude on **August 1, 2002**; all non-dispositive Motions shall be filed and the Hearing thereon completed by **September 1, 2002**; all dispositive Motions shall be filed and a Hearing thereon completed by **October 1, 2002**; and the case shall be Ready for Trial on **October 1, 2002**.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE